TAX COMMISSION — HANDLING DISHONORED CHECKS Administrative service fees collected by the Tax Commission for handling dishonored checks pursuant to 68 O.S. 218 [68-218] (1969), are penalties and not compensation to the Tax Commission. As such, these fees, when collected, are apportioned according to the apportionment of the taxes to which they are incident pursuant to 68 O.S. 217 [68-217](f) (1969). The Attorney General has had under consideration your request for an opinion wherein you state and inquire in effect as follows: In a current audit of the books, records and fiscal accounts of the Oklahoma Tax Commission we are confronted with the proper disposition to be made of administrative service fees collected by the Commission for handling return checks pursuant to 68 O.S. 218 [68-218] (1969). 1. May Administrative service fees so collected be deposited in a special fund to be used in the same manner by the Tax Commission as are those funds it collects as compensation under agreements with municipalities for collection of municipal sales taxes pursuant to 68 O.S. 2702 [68-2702] (1969)? 2. If so must these administrative service fees be deposited in a special fund to be used for the purposes indicated As indicated by your letter, administrative service fees are assessed by Section 218, cited supra, which provides in pertinent part: "There shall be assessed, in addition to any other penalties provided for by law, an administrative service fee of four percent (4%) of each check and not less than Two Dollars ($2.00) on each check returned to the Tax Commission or any agent thereof by reason of the refusal of the bank on which such check was drawn to honor the same. In the case of Motor Vehicle License Agents the fee shall be retained by the agent to compensate for the cost of handling such check." In response to your first question, to determine the proper disposition to be made of these fees we must first determine their character, i.e., whether the Legislature intended the assessment as a recompense to the Tax Commission or whether they intended such to be penalties. If characterized as the former, then they may be treated as compensation to the agency and disposed of in a special fund to defray the expenses incurred by that agency for collecting dishonored checks. If the latter, then 68 O.S. 217 [68-217](f) (1969), regarding the apportionment of penalties would be applicable. 68 O.S. 217 [68-217](f) provides in pertinent part: "All penalties . . . imposed by this code, or any state tax law, shall be recoverable by the Tax Commission as part of the tax with respect to which they are imposed . . . and all penalties . . . shall be apportioned as provided for the apportionment of the tax on which such penalties . . . are collected." Whether an exaction is a penalty is determined not by the name or designation given it by the statute, but by the intrinsic nature of the exaction. 70 C.J.S., Penalties 1. In the case of Cummings, et al. v. Board of Education, Oklahoma City, 190 Okl. 533, 125 P.2d 989 (1942) the Supreme Court of Oklahoma held in paragraph three of its syllabus: "A pecuniary liability created by statute operating as a punishment to a wrongdoer, and having no relation to the actual losses sustained by him who sues for its recovery is a penalty and not a compensatory liability created by statute." The Cummings holding evokes two criteria for determining whether the administrative service fee under Section 218, supra, is a penalty or a recompense to the Tax Commission. To be a penalty the liability must not only operate as a punishment to the wrongdoer, but must bear no relation to the actual loss sustained as well. Any assessment above the taxpayer's tax liability operates as a punishment against that taxpayer. The reason for the assessment rests upon the taxpayer's act or omission which caused the check to be dishonored. Barring expenses of litigation in pursuit of collection of these checks and limiting the consideration to administrative expenditures of the agency, they would normally entail a simple notification of dishonor to the taxpayer and demand for payment of the taxes due. Generally, such items as costs of labor for preparing this notification, stationery and supplies used in such context and postage would constitute the expenses relative to this notification. Under normal circumstances the costs would be uniform and nominal when computed on a check by check basis. As a practical matter it should cost no more administratively to collect a $1,000.00 check than a $5.00 check. Administrative service fees assessed by Section 218, supra, in many instances result in more than nominal charges and reflect no uniformity in assessment. For example, a dishonored check for one dollar would be assessed the minimum two dollar charge; a $100.00 check would be assessed a four dollar charge; a $1,000.00 check a $40.00 charge; and a $10,000.00 check a $400.00 charge. The hypothecated examples denote no relationship to the actual costs incurred by the agency in collecting the checks. Thus, according to the Cummings rule, supra, these fees must be characterized as penalties and not compensation to the agency for services rendered. Another factor that buttresses the foregoing conclusion is the language of Section 218, supra, to the effect that these fees are assessed "in addition to any other penalties." Such, by implication, indicates the Legislative intent that these assessments are in and of themselves penalties. Otherwise there would be no need to refer to "other penalties." Since administrative service fees are in fact penalties, then the apportionment must follow the tax for which they are assessed pursuant to Section 68 O.S. 217 [68-217](f), supra. It is the opinion of the Attorney General that your first question must be answered in the negative. Administrative service fees collected by the Tax Commission for handling dishonored checks which have been remitted in payment of taxes are penalties and not compensation to the Tax Commission. As penalties they are to be apportioned in the same manner as the tax to which such penalties are incident. This apportionment does not have application to motor vehicle license agents, who are authorized by Section 218, supra, to retain these fees as compensation for handling dishonored checks. The answer to your first question negates the necessity of answering your second question. (Donald E. Herrold) (ED Note: Hot Checks, Insufficient Funds checks, bounced checks)